UNITED STATES of America,

v.

Angel PERDOMO, Appellant.

No. 01–1458.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2002.

Filed April 29, 2002.

Before NYGAARD and AMBRO, Circuit Judges, and O'NEILL, District Judge.

## OPINION OF THE COURT

PER CURIAM.

Angel Perdomo appeals from a judgment entered following his plea of guilty to one count of conspiracy to distribute and possess, with the intent to distribute, more than five-hundred kilograms of cocaine, contrary to 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C. § 846. Perdomo argues that the District Court erred in finding that he was not a minimal participant in the conspiracy pursuant to 3B1.2 of the Sentencing Guidelines. U.S.S.G. § 3B1.2. As a result, according to Perdomo, the District Court incorrectly failed to reduce his offense level by four points. In the alternative, Perdomo argues that he should receive a two to three point reduction under § 3B1.2 because he was a minor participant in the conspiracy. We disagree. Accordingly, we will affirm the sentence imposed by the District Court.

## I.

The facts underlying this appeal are well known to the parties. We recount, therefore, only a brief procedural history. On August 10, 1999, Perdomo and a co-defendant were indicted by a federal grand jury on a single count indictment. On May 24, 2000, Perdomo entered a plea of guilty to the sole count of the indictment. On February 13, 2001, a sentencing hearing was conducted where Perdomo motioned for a downward departure in sentence pursuant to § 3B1.2, claiming that he played only a minor role in the conspiracy. The District Court declined to grant Perdomo a downward adjustment under § 3B1.2. It sentenced him to a 200 month term of imprisonment. This timely appeal followed.

## II.

Perdomo argues that the District Court clearly erred when it found that he

was not a minor player in the conspiracy. When a District Court declines to grant a downward adjustment based on its factual determinations we review the District Court's decision for clear error.

■ *United States v. Brown*, 250 F.3d 811, 819 (3d Cir.2001). Section 3B1.2 of the Sentencing Guidelines provides for a reduction in a defendant's offense level if the defendant was either a minimal or minor participant. It provides:

> Based on the defendant's role in the offense, decrease the offense level as follows: (a) if the defendant was a minimal participant in any criminal activity, decrease by 4 levels; (b) if the defendant was a minor participant in any criminal activity, decrease by 2 levels; In cases falling between (a) and (b), decrease by 3 levels.

U.S. SENTENCING GUIDELINES MANUAL § 3B1.2. The Application Notes accompanying § 3B1.2 provide courts with limited guidance to aid them in determining whether a defendant's role in certain conduct was minor. See Application Notes 1, 3. In addition, our caselaw requires us to consider several factors to determine whether a defendant's role in criminal conduct was minor. See *Brown*, 250 F.3d at 819 (citing *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir.1991)). In *Brown*, we observed that whether a defendant is eligible for minor role status depends on whether the defendant's "involvement, knowledge and culpability" were materially less than those of other participants. *Id.* Making this determination requires us to consider 1) the defendant's awareness of the nature and scope of the criminal enterprise, 2) the nature of the defendant's relationship to the other participants, and 3) the importance of the defendant's actions to the success of the venture. The District Court should evaluate these factors in rela-

tion to the other participants in the conspiracy. *Brown*, at 819.

In this case, the District Court found that Perdomo 1) agreed with others to distribute more than 500 kilograms of cocaine from April '98 through August '99; 2) he agreed to distribute more than 500 kilograms of cocaine on at least three occasions by facilitating the transportation of the cocaine; 3) he accomplished this by helping to tranship the cocaine from interstate tractor trailers to trucks and vans for delivery to the New York metropolitan area; and, 4) he arranged to store the cocaine until the purchasers of the cocaine were ready to receive it from him. Based on these and other facts, the District Court concluded that Perdomo "played an important part in this conspiracy that involved enormous amounts of drugs." In making its factual findings, the District Court relied extensively on Perdomo's own sworn testimony at his plea colloquy.

We conclude that the record clearly supports the District Court's conclusion that Perdomo was not a "minor player" in the conspiracy. The facts clearly demonstrate that 1) Perdomo was aware of the nature and scope of the enterprise; 2) for five months Perdomo worked closely with several members of the conspiracy, such that he had significant involvement with his coconspirators; and, 3) his involvement was important to the success of the conspiracy. As a result, the District Court's conclusion that Perdomo was not a minor player was not clearly erroneous.

### III.

In sum, we conclude that the District Court's decision denying a downward adjustment in Perdomo's offense level was not clearly erroneous. We will therefore

affirm the sentence imposed by the District Court.